UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| MARY STEWART, | : | |
| As Administrator of the Estate of | : | |
| LUKE O. STEWART, SR., Deceased, | : | |
| | : | Case No. 1:17-cv-2122 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | |
| CITY OF EUCLID, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 9, 2017, Plaintiff Mary Stewart brought state tort and federal 42 U.S.C. § 1983 claims against the City of Euclid and two Euclid police officers for the March 13, 2017 shooting death of her son, Luke Stewart.[1]  Because the Court had federal question jurisdiction over Plaintiff's § 1983 claims, the Court exercised supplemental jurisdiction over Plaintiff's state claims.[2]  On July 13, 2018, this Court entered summary judgment for Defendants on all claims.[3]

On appeal, the Sixth Circuit affirmed this Court's disposition of Plaintiff's federal claims but reinstated Plaintiff's state claims.[4]  Because the federal claims grounding the Court's supplemental state claim jurisdiction have been dismissed, this Court must decide whether to continue to exercise jurisdiction over Plaintiff's state claims.

---

[1] Doc. 1.
[2] *See* 28 U.S.C. § 1367(a).
[3] Doc. 39.
[4] *Stewart v. City of Euclid*, 970 F.3d 667, 677 (6th Cir. 2020).

Case No. 1:17-cv-2122
Gwin, J.

Where all of Plaintiff's federal claims are dismissed before trial, district courts are ordinarily justified in dismissing the remaining state claims.[5]  The Court sees no reason to depart from that rule in this case.

The Court accordingly **DISMISSES** Plaintiff's remaining state claims.  The Court notes, however, that each of Plaintiff's state claims are subject to a two-year limitations period beginning on March 13, 2017, the date of Luke Stewart's death.[6]  That two-year period was paused on October 9, 2017, the date this case was filed.[7]  Should Plaintiff wish to pursue her remaining claims, she will have the full remainder of the limitations period running from the date of this order, plus an additional 30 days, to file her suit in state court.[8]

IT IS SO ORDERED

Dated:  December 15, 2020

s/       *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[5] *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996); 28 U.S.C. § 1367(c)(3).

[6] *Pearson v. City of Columbus*, 26 N.E.3d 842, 847 (Ohio Ct. App. 10th Dist. 2014) (citing Ohio Rev. Code § 2744.04(A)).

[7] *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018).

[8] *Tamburo v. Elite Auto Credit, Inc.*, No. 18-cv-03169, 2020 WL 2745984, at *5 (N.D. Ill. May 27, 2020) (citing 28 U.S.C. § 1367(d)).

-2-